UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHRISTOPHER LAMONT PETERSON,

    Defendant.

CASE NO. CR02-245C

ORDER

This matter comes before the Court on Defendant's Motion for Modification of Sentence (Dkt. No. 25), the Government's Response (Dkt. No. 28), and Defendant's Reply (Dkt. No. 31), as well as the Government's Motion to Seal (Dkt. No. 29). Having considered the papers submitted by the parties and determined that oral argument is unnecessary, the Court hereby finds and rules as follows.

**I. FACTS**

Defendant was convicted on two counts of bank robbery and this Court found him to be a career offender according to the November 2002 edition of the U.S. Sentencing Guidelines. This Court imposed a 130-month sentence on January 13, 2003 after calculating the range of 151–181 months. No amendments to the relevant Guideline provisions (§§ 2B3.1 (bank robbery), 3D1.4 (multiple counts), and 4B1.1 (career offender)) have occurred since Defendant's sentence was imposed.

ORDER – 1

## II. ANALYSIS

### A. Motion to Modify Sentence

Defendant moves for a modification of his 130-month sentence. Defendant argues in support of such a modification that 18 U.S.C. § 3582(c)(2) allows reduction in his case. Section 3582(c) provides, in relevant part, that

> the court may not modify a term of imprisonment once it has been imposed except that
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

In seeking a sentence reduction pursuant to § 3582(c)(2), Defendant argues that (1) the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005)—which rendered the Sentencing Guidelines advisory rather than mandatory—constitutes a "lowering" of sentencing ranges as contemplated by § 3582(c)(2); and (2) that *Booker* renders § 3582(c)(2) "ambiguous" for purposes of statutory construction, and therefore that this Court should apply the "rule of lenity" in his favor.

The Court begins with the language of § 3582(c). "If the intent of Congress is clear from the face of the statutory language, we must give effect to the unambiguously expressed Congressional intent." *Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir. 1998) (citing *Chevron v. Natural Resources Def. Council*, 467 U.S. 837, 842–43 (1984)). The plain language of § 3582(c) discusses reductions *by the Sentencing Commission*. On its face, then, § 3582(c) is unambiguous. Further, as discussed *supra*, the Sentencing Commission has done nothing to retroactively change the guideline ranges applied to Defendant's case. Therefore, upon a plain reading and application, it is clear that this section does not provide a basis to reduce Defendant's sentence.

Moreover, the Court finds that *Booker* caselaw is not the equivalent of a "reduction"

ORDER – 2

contemplated by the plain language of § 3582(c). *See, e.g.*, *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). In the words of the *Moreno* court, "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions." 421 F.3d at 1220.

Defendant's argument that the rule of lenity applies is similarly without merit. Defendant contends that § 3582(c)(2) may be interpreted one way pre-*Booker* and another way post-*Booker*. However, because (1) the statute is unambiguous and (2) *Booker* has no bearing on the statute's interpretation, the Court cannot apply the rule of lenity.

Finally, in his Reply, Defendant argues that because the "concept of 'departures' has been rendered obsolete in the post-*Booker* world," *United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005), the criteria for invoking § 3582(c)(2) has likewise become obsolete. The remedy to that situation, he claims, is to find § 3582(c)(2) "ambiguous" and apply the rule of lenity. Again, this argument is unpersuasive. A court opinion's subsequent pronouncement (*Booker*) about a system (the Sentencing Guidelines) that is mentioned in a plainly-worded federal statute (§ 3582(c)(2)) does not render that statute "ambiguous" by any stretch of the imagination. The ambiguity question focuses on the language of a statute itself, not on irrelevant law developed elsewhere at a later date.

### B. Motion to Seal

The Government's Motion to Seal requests that the "Presentence Report and all responses and replies in the above-captioned matter, which will be filed under seal subsequent to the filing of this motion, be allowed to remain under seal." However, only the Presentence Report was sealed. All responses and replies were filed unsealed. Moreover, the Court finds no reason to seal the briefing on Defendant's motion for modification of his sentence. Only the Presentence Report is properly sealed. Accordingly, the Presentence Report may remain sealed and all other papers on this motion will remain unsealed, as filed.

ORDER – 3

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Modification of Sentence is DENIED in its entirety. No modification of Defendant's sentence is authorized or warranted. The Government's Motion to Seal is GRANTED IN PART and DENIED IN PART. Only the Presentence Report may remain sealed.

SO ORDERED this 12th day of December, 2006.

John C. Coughenour
United States District Judge

ORDER – 4